CADY, Chief Justice
(concurring specially).
I concur in the majority opinion, but write separately to explain two important points.
First, the protected conduct of internal whistleblowing only relates to a complaint by an employee of a violation by a co-employee or supervisor of a statute or regulation. The tort does not protect employees who lodge internal complaints over legitimate business practices by employers.
Second, our law protects whistleblowing that is either expressly protected by statute or impliedly protected by public policy. Our statute obviously only expressly protects external whistleblowing. But, our public policy impliedly protects internal whistleblowing because it is a clear public policy of this state to provide the elderly in Iowa who reside in assisted living homes a safe and dignified environment. This clear public policy is important enough that it implies protection for internal whistleblow-ing. Employers who choose to operate assisted living centers, as full partners in this public policy, must be expected to embrace internal complaints of regulatory or statutory violations by the business if the public policy is truly to be met. The public policy can be served by internal whistleblowing just as much, if not more, as by external whistleblowing.
Our law must assume employers want to comply with the statutory and regulatory scheme and want to know when their employees are failing to do so. Accordingly, the public policy of this state promotes and protects internal whistleblowing.